UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GARY MICHAEL BLOOM,<br>    Plaintiff,<br><br>v.<br><br>WILLIAM JAMES CAMPBELL, III,<br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 24-10339-RGS<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO
DISMISS COUNTERCLAIM AND DEFENDANT'S CROSS-MOTION TO
STRIKE MOTION TO DISMISS OR, IN THE ALTERNATIVE,
<u>FOR LEAVE TO FILE AMENDED COUNTERCLAIMS</u>
[Docket Nos. 60, 68]

June 16, 2025

Boal, U.S.M.J.

  Plaintiff Gary M. Bloom[1] has moved to dismiss defendant William James Campbell, III's counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 60. Campbell has cross-moved to strike Bloom's motion to dismiss or, in the alternative, for leave to file amended counterclaims. Docket No. 68.[2] For the following reasons, this Court recommends that Judge Stearns grant Bloom's motion to dismiss and deny Campbell's cross-motion to strike or, in the alternative, for leave to file amended counterclaims.

---

[1] Bloom is proceeding <u>pro se</u>, however, Bloom is a lawyer with over eleven years of experience. <u>See</u> Docket No. 36 at ¶ 1.

[2] On April 24, 2024, Judge Stearns referred this case to the undersigned for pretrial management, including issuance of report and recommendations on dispositive motions. Docket No. 32.

I.    PROCEDURAL HISTORY

Bloom filed this action on February 12, 2024. Docket No. 1. On March 1, 2024, Bloom filed an amended complaint. Docket No. 10. On March 14, 2024, Campbell filed a motion to dismiss the amended complaint, which Judge Stearns denied on March 15, 2024. Docket Nos. 17, 18.

On March 26, 2024, Judge Stearns issued an order directing Campbell to file a response to the complaint by March 29, 2024. Docket No. 22. Campbell failed to do so. On April 5, 2024, Bloom filed a motion for entry of default, which Judge Stearns granted on April 9, 2024. Docket Nos. 26, 27. The Clerk entered a notice of default against Campbell on April 9, 2024. Docket No. 28.

On May 8, 2024, Bloom filed a motion for default judgment. Docket No. 34. On January 29, 2025, Judge Stearns adopted in part this Court's report and recommendation on Bloom's motion for a default judgment. Docket No. 49. Specifically, Judge Stearns denied Bloom's motion for default judgment but declined to remove the default against Campbell at that time. Id. Instead, Judge Stearns ordered Campbell to file an answer by February 21, 2025. Id. If Campbell did so, he would remove the default. Id. Otherwise, he would allow Bloom to file a renewed motion for a default judgment. Id.

On February 18, 2025, Judge Stearns stayed the case for 60 days to allow the Pro Se Staff Attorney's Office to circulate the case on the pro bono list to determine whether a lawyer would be willing to represent Campbell on a pro bono basis. See Docket No. 51. Campbell subsequently retained counsel. See Docket No. 54. Campbell filed an answer and counterclaims on March 10, 2025. Docket No. 56. On March 11, 2025, Judge Stearns vacated the default against Campbell. Docket No. 59. Judge Stearns also issued a scheduling order, setting a fact

discovery deadline of September 5, 2025.  Docket No. 57.  He noted that "because this case is already more than a year old, the court is not inclined to any extensions without a showing of good cause."  Id.

On March 11, 2025, Bloom filed the instant motion to dismiss.  Docket No. 60.  Campbell filed an opposition and a cross-motion to strike or, in the alternative, for leave to file amended counterclaims on March 31, 2025.  Docket Nos. 66-68.  Bloom filed an opposition to the cross-motion on April 7, 2025.  Docket No. 70.

II.    FACTS[3, 4]

Bloom knew Campbell had a variety of business associates and business relationships within the entertainment industry, including implied contractual relationships.  Counterclaim ¶¶ 1, 2, 7.  Bloom talked to many of Campbell's business associates starting in 2023.  Id. at ¶¶ 3, 8.  Bloom's communications included attempts to gain joint ownership of Campbell's rights to screenplays and productions.  Id. at ¶ 4.  According to Campbell, Bloom intended to force Campbell into a business relationship, despite Campbell's initial request for legal services.  Id. at ¶ 5.  Campbell alleges that Bloom's actions damaged his relationships with his associates and have led to the loss of revenue related to Campbell's entertainment projects.  Id. at ¶ 6.

Campbell also alleges that Bloom's communications with his business associates,

---

[3] Because this matter is before the Court on a motion to dismiss, this Court sets forth the facts taking as true all well-pleaded allegations in the counterclaim and drawing all reasonable inferences in Campbell's favor.  See Abdisamad v. City of Lewiston, 960 F.3d 56, 57 (1st Cir. 2020) (quoting Squeri v. Mount Ida Coll., 954 F.3d 56, 61 (1st Cir. 2020)).

[4] With certain exceptions not applicable here, on a motion to dismiss for failure to state a claim, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein."  Graf v. Hospitality Mut. Ins. Co., 754 F.3d 74, 76 (1st Cir. 2014).  Accordingly, while this Court does not recommend that Judge Stearns "strike" Bloom's motion to dismiss, it has not considered additional facts and documents cited by Bloom that were not part of the counterclaim.

including actors, investors, and directors, "created discord that led [] some business associates to reconsider or decide to no longer participate in Mr. Campbell's projects." Id. at ¶¶ 9-10.

In addition, Campbell alleges that Bloom attempted to enter into a business transaction with Campbell, even though Campbell initially approached him for legal services. Id. at ¶ 12. Bloom created a variety of documents and wanted Campbell to sign them, which would give Bloom ownership interests and acting roles in Campbell's work. Id. at ¶ 13. Campbell was never informed of any potential conflict by Bloom, nor advised of the desirability to obtain the advice of independent counsel. Id. at ¶ 14. Bloom, according to his complaint, has purchased copyrights from several of Campbell's co-writers and business associates to force a business relationship between him and Campbell. Id. at ¶ 15. To the best of Campbell's knowledge, Bloom had no prior connections or business dealings with the parties from whom Bloom purchased the copyrights. Id. at ¶ 16. Campbell alleges that he was damaged as a result. Id. at ¶ 17.

Campbell's counterclaim contains three causes of action: (1) tortious interference, (2) defamation, and (3) conflict of interest under Rule 1.8 of the Massachusetts Rules of Professional Conduct. Id. at ¶¶ 1-17.

III.   ANALYSIS

   A.   Standard Of Review

A complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Abdisamad, 960 F.3d at 59 (quoting Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016)). "Like a complaint, a counterclaim is subject to dismissal if, after accepting all well-

pleaded facts as true and drawing all reasonable inferences in favor of the nonmoving party, the court determines that it 'fails to state a claim upon which relief can be granted." Parent v. Principal Life Ins. Co., 763 F.Supp.2d 257, 260 (D. Mass. 2011) (citations omitted). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Abdisamad, 960 F.3d at 59 (quoting Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018)).

In assessing the sufficiency of the complaint, the "court approaches the complaint as follows: it 'isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements,' then 'take[s] the complaint's well-plead (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief.'" Sonoiki v. Harvard Univ., 37 F.4th 691, 703 (1st Cir. 2022) (citing Zell v. Ricci, 957 F.3d 1, 7 (1st Cir. 2020)). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels us to draw on our judicial experience and common sense." Id.

### B.     Campbell Has Failed To State A Claim For Tortious Interference

In order to show intentional interference with contractual or advantageous business relationships, Campbell must show: "(1) the plaintiff had a contract or advantageous business relationship with a third party, (2) the defendant knowingly induced the third party to break the contract or forgo the business relations, (3) the defendant's interference was improper in motive or means, and (4) the plaintiff was harmed by the interference." Kelleher v. Lowell General Hosp., 98 Mass. App. Ct. 49, 54 (2020) (citing Psy-Ed Corp. v. Klein, 459 Mass. 697, 715-716

(2011)). Campbell has failed to allege any facts that would show that Bloom knowingly induced third parties to break their business relationships with Campbell. He alleges (in connection with a different count) only that Bloom "created discord that led [] some business associates to reconsider or decide to no longer participate in Mr. Campbell's projects." Counterclaim ¶ 10. That is insufficient. In addition, his allegations with respect to the remaining elements are conclusory in nature. Accordingly, Campbell has failed to state a claim for tortious interference.

      C.      Campbell Has Failed To State A Claim For Defamation

Count II of the Counterclaim asserts a claim for defamation. Counterclaim ¶¶ 7-11. "Defamation is the publication of material by one without a privilege to do so which ridicules or treats the plaintiff with contempt." Grant v. Target Corp., 126 F.Supp.3d 183, 192 (D. Mass. 2015) (citation omitted). "To prove defamation, the plaintiff must establish that the defendant was at fault for the publication of a false statement regarding the plaintiff, capable of damaging the plaintiff's reputation in the community, which either caused economic loss or is actionable without proof of economic loss." Id. (quoting Dragonas v. School Comm. of Melrose, 64 Mass. App. Ct. 429, 437 (2005)).

While Campbell is not required to set forth alleged defamatory statements verbatim, he is still required to allege sufficient facts to explain the essential "who, what, when, and where" and give Bloom fair notice of the factual basis for his claims against him. See Grant, 126 F.Supp.3d at 192-193. Here, Campbell has not alleged that Bloom made any false statements regarding Campbell, let alone the nature of such statements. Again, he states only that Bloom "created discord that led [] some business associates to reconsider or no longer participate in Mr. Campbell's projects." Counterclaim ¶ 10. Campbell has therefore not sufficiently stated a defamation claim against Bloom.

      D.      There Is No Independent Cause Of Action For
              Violations Of The Professional Rules Of Conduct

Finally, Campbell brings a claim for "conflict of interest" under Rule 1.8 of the Massachusetts Professional Rules of Conduct. Counterclaim ¶¶ 12-17. It is well-established, however, that "[t]he disciplinary rules provide standards of professional conduct of attorneys and do not in and of themselves create independent causes of action." Pandey v. Giri, 457 F.Supp.2d 94, 98 (D. Mass. 2006) (quoting Doe v. Nutter, McClennen & Fish, 41 Mass. App. Ct. 137, 141 (1996)). Judges in this district, therefore, have dismissed claims that were brought directly under the professional rules of conduct. Huang v. Wei, No. 22-cv-11417-PGL, 2024 WL 4503943, at *26 (D. Mass. Aug. 13, 2024) (collecting cases). Accordingly, I also recommend dismissal of Count III of the Counterclaim.

      E.      Campbell's Request To Amend The Counterclaim

Campbell requests an opportunity to amend his counterclaims should the Court find them deficient. See Docket No. 67 at 4. He notes that Bloom failed to confer prior to filing the motion to dismiss and had he been provided the opportunity to have a pre-motion conference, he would have requested an opportunity to amend the counterclaims to address any perceived deficiencies. See id. Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, however, Campbell could have amended the counterclaims as of right within 21 days after Bloom filed his motion to dismiss. See Fed. R. Civ. P. 15(a)(1)(B). In addition, as Judge Stearns has noted, this case is now well over a year old and nothing in Campbell's opposition suggests that he could cure the counterclaims' deficiencies. Accordingly, I recommend that Judge Stearns deny Campbell's request for leave to amend his counterclaims.

7

IV.     RECOMMENDATION

For the foregoing reasons, this Court recommends that Judge Stearns grant Bloom's motion to dismiss Campbell's counterclaims and deny Campbell's motion to strike or, in the alternative, for leave to file amended counterclaims.

V.      REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

       /s/  Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE