UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GARY MICHAEL BLOOM,<br>　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM JAMES CAMPBELL, III,<br>　　　　　Defendant. | Civil Action No. 24-10339-RGS |

REPORT AND RECOMMENDATION ON
<u>PLAINTIFF'S MOTION FOR AN ATTACHMENT</u>
[Docket No. 71]

June 16, 2025

Boal, U.S.M.J.

　　　Plaintiff Gary M. Bloom[1] has moved for an attachment, pursuant to Rule 64 of the Federal Rules of Civil Procedure, to (1) prevent defendant William James Campbell III from further transferring, alienating, encumbering, or otherwise dissipating ownership interests in nine literary projects that are the subject of this litigation; and (2) attaching two of the projects that have been allegedly fraudulently transferred to third parties as well as any proceeds or benefits derived therefrom. Docket No. 71.[2] For the following reasons, this Court recommends that Judge Stearns deny Bloom's motion.

---

[1] Bloom is proceeding <u>pro se</u>, however, Bloom is a lawyer with over eleven years of experience. <u>See</u> Docket No. 36 at ¶ 1.

[2] On April 24, 2024, Judge Stearns referred this case to the undersigned for pretrial management, including issuance of report and recommendations on dispositive motions. Docket No. 32.

I.      PROCEDURAL HISTORY

Bloom filed this action on February 12, 2024.  Docket No. 1.  On March 1, 2024, Bloom filed an amended complaint.  Docket No. 10.  On March 14, 2024, Campbell filed a motion to dismiss the amended complaint, which Judge Stearns denied on March 15, 2024.  Docket Nos. 17, 18.

On March 26, 2024, Judge Stearns issued an order directing Campbell to file a response to the complaint by March 29, 2024.  Docket No. 22.  Campbell failed to do so.  On April 5, 2024, Bloom filed a motion for entry of default, which Judge Stearns granted on April 9, 2024.  Docket Nos. 26, 27.  The Clerk entered a notice of default against Campbell on April 9, 2024.  Docket No. 28.

On May 8, 2024, Bloom filed a motion for default judgment.  Docket No. 34.  On January 29, 2025, Judge Stearns adopted in part this Court's report and recommendation on Bloom's motion for a default judgment.  Docket No. 49.  Specifically, Judge Stearns denied Bloom's motion for default judgment but declined to remove the default against Campbell at that time.  Id.  Instead, Judge Stearns ordered Campbell to file an answer by February 21, 2025.  Id.  If Campbell did so, he would remove the default.  Id.  Otherwise, he would allow Bloom to file a renewed motion for a default judgment.  Id.

On February 18, 2025, Judge Stearns stayed the case for 60 days to allow the Pro Se Staff Attorney's Office to circulate the case on the pro bono list to determine whether a lawyer would be willing to represent Campbell on a pro bono basis.  See Docket No. 51.  Campbell subsequently retained counsel.  See Docket No. 54.  Campbell filed an answer and counterclaim on March 10, 2025.  Docket No. 56.  On March 11, 2025, Judge Stearns vacated the default against Campbell.  Docket No. 59.

On April 12, 2025, Bloom filed the instant motion. Docket No. 71. Campbell filed an opposition on April 28, 2025. Docket No. 77.

II.     RELEVANT FACTUAL BACKGROUND

Bloom is an entertainment and registered patent attorney. Amended Complaint ("AC") at ¶ 99. On or about February 28, 2023, Campbell reached out to Bloom for legal assistance on an unrelated matter. Id. at ¶ 9. Bloom declined to represent him on that matter. Id. at ¶10. Campbell learned during that interaction that Bloom was an actor. Id. at ¶ 11. Campbell represented that he was a professional "screenwriter and creative" who was eager to work with an entertainment attorney. Id. at ¶¶ 12-13. Campbell also sought Bloom's help to monetize nine creative projects: the "See You Later, Escalator (short)," the "See You Later, Escalator (feature)" screenplay, the "Serene" screenplay, the "The Last Door" screenplay, the "Money Tree" screenplay, the "Open House" script, the "The Obstacle" screenplay, the "Wilbur the Whompin' Wallaby" animated video project, and the "Cat-Astrophe" "animatics" video project (collectively, the "Projects"). See id. at ¶¶ 14, 20.

Bloom maintains, among other things, that he is owner of three of the Projects (the "See You Later Escalator (feature)," the "See You Later Escalator (short)," and "Serene") and seeks a declaratory judgment of copyright ownership. AC at ¶¶ 201-213. He also seeks to recover in equity any ownership that Campbell may have in the rest of the Projects. Docket No. 71 at 1. Bloom alleges that Campbell fraudulently transferred "The Money Tree" to Chris Esper and "Wilbur the Whompin' Wallaby" to Marc Bode. See id. at 2-3.

By this motion, Bloom seeks the following relief: (1) an order of attachment on all of the Projects; (2) an order of attachment on "The Money Tree" project which he claims was fraudulently transferred to Chris Esper; (3) an order of attachment on the "Wilbur the Whompin'

3

Wallaby" which he claims was fraudulently transferred to Marc Bode; (4) an order enjoining Campbell, Esper, and Bode from selling, transferring, encumbering, or otherwise disposing of the Projects during the pendency of this litigation; and (5) an order freezing any proceeds or benefits derived from the fraudulent transfer of the "The Money Tree" and "Wilbur the Whompin' Wallaby." Docket No. 71 at 5.

III.    ANALYSIS

    A.    Standard Of Review

"At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Under Massachusetts law, an attachment may be approved by the court "only after notice to the defendant and hearing, and upon a finding that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment." Mass. R. Civ. P. 4.1(c).

"[T]he central question on [a] motion for approval of attachment is whether plaintiffs are likely to prevail on the merits and obtain damages in the necessary amount." U.S. Fidelity and Guaranty Co. v. Arch Ins. Co., 578 F.3d 45, 49 (1st Cir. 2009) (internal quotation marks and citations omitted). The plaintiff bears the burden of showing a reasonable likelihood of success on the merits. See Hayes v. CRGE Foxborough, LLC, 167 F.Supp.3d 229, 238 (D. Mass. 2016). The defendant bears the burden to show "the availability of liability insurance to satisfy the judgment." Greenbriar Cos., Inc. v. Springfield Terminal Railway, 477 F.Supp.2d 314, 317 (D. Mass. 2007).

In seeking an attachment, a plaintiff "must submit affidavits setting forth 'specific facts

sufficient to warrant the required findings based upon the affiant's own knowledge, information or belief." Metropolitan Prop. and Casualty Ins. Co. v. Boston Regional Physical Therapy, Inc., 550 F. Supp. 2d 199, 201-202 (D. Mass. 2008) (quoting Mass. R. Civ. P. 4.1(h)); Mass. R. Civ. P. 4.1(c) ("The motion shall be supported by affidavit or affidavits meeting the requirements set forth in subdivision (h) of this rule."). Massachusetts courts, however, have not determined the quantum of proof (e.g., clear and convincing, preponderance of the evidence, etc.) required to show a reasonable likelihood of success on the merits. See Sheehan v. Netversant-New England, Inc., 345 F.Supp.2d 130, 132 (D. Mass. 2004); Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Burtman Iron Works, Inc., 164 F.R.D. 305, 307 (D. Mass. 1995). While reasonable likelihood of success is not a certainty of success, see Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers, 164 F.R.D. at 307, courts have generally declined to approve attachments in the face of significant factual disputes. See Hayes, 167 F. Supp. 3d at 240 (citing cases).

"Although a district court does not have authority under its equitable powers to issue a preliminary injunction preventing the transfer of assets pending the adjudication of a claim for money damages, that 'does not constrain the district court's authority to grant analogous relief under Rule 64 when authorized by the law of the forum state.'" BRT Mgmt., LLC v. Malden Storage, LLC, No. 17-10005-FDS, 2022 WL 95926, at *2 (D. Mass. Jan. 10, 2022) (internal citations omitted). Under Massachusetts law, a court may issue a preliminary injunction preventing the transfer of assets. See id. To obtain a preliminary injunction under Massachusetts law, the moving party must show (1) that he is likely to succeed in the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, and (3) that the risk of irreparable harm outweighs the harm to the nonmoving party if the injunction is granted.

Id. (citation omitted).

      **B.**      <u>Bloom Has Not Shown A Likelihood Of Success On The Merits</u>

Bloom has failed to submit any affidavits[3] setting forth specific facts sufficient to show a likelihood of success on the merits. As set forth in this Court's report and recommendation on Bloom's motion for default judgment, there are many problems with Bloom's claims. See Docket No. 46 at 10-13. Bloom has not provided any additional evidence in connection with the instant motion that would address those deficiencies. Accordingly, I find that Bloom has not made the necessary showing to obtain an attachment or a preliminary injunction preventing the transfer of the Projects.[4]

## IV.    RECOMMENDATION

For the foregoing reasons, this Court recommends that Judge Stearns deny Bloom's motion for an attachment.

## V.    REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed

---

[3] On April 23, 2025, Bloom submitted, without explanation, his "First Affidavit of Evidence." Docket No. 75. In any event, that affidavit does not provide further support for his claims.

[4] This Court also notes that Bloom seeks injunctive relief against non-parties. Docket No. 71 at 5. Injunctive relief is available against non-parties only in very limited circumstances, none of which Bloom has shown to be present in this case. See Fed. R. Civ. P. 65(d)(2) (providing that an injunction binds only a nonparty who receives actual notice of the order and who is an officer, agent, servant, employee, or attorney" of a party or "who [is] in active concert or participation with" a party or the officer, agent, servant, employee, or attorney of party, to whom the injunction applies).

findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

                                        /s/  Jennifer C. Boal
                                        JENNIFER C. BOAL
                                        U.S. MAGISTRATE JUDGE