UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY MICHAEL BLOOM,<br>  Plaintiff,<br><br>v.<br><br>WILLIAM JAMES CAMPBELL, III,<br>  Defendant. | Civil Action No. 24-10339-RGS |

ORDER ON MOTION FOR ALTERNATIVE SERVICE OF SUBPOENAS AND LEAVE TO SERVE SUBPOENAS BEYOND DEADLINE FOR SERVICE OF DISCOVERY
[Docket No. 79]

June 17, 2025

Boal, U.S.M.J.

Plaintiff Gary M. Bloom has moved for an order allowing alternative service of subpoenas and extending the deadline for service of discovery. Docket No. 79.[1] For the following reasons, this Court denies the motion without prejudice.

I.     RELEVANT BACKGROUND

On March 11, 2025, Judge Stearns issued a scheduling order providing, among other things, that the parties must serve interrogatories, requests for admissions, and requests for production of documents on each other no later than April 28, 2025. Docket No. 57. Judge Stearns also set a fact discovery deadline of September 5, 2025. Id.

Bloom wishes to serve subpoenas on four individuals listed in defendant William J. Campbell III's initial disclosures: Jennifer Sims, Shelley A. Piña, Marc Bode, and Chris Esper.

---

[1] On April 24, 2024, Judge Stearns referred this case to the undersigned for pretrial management, including issuance of report and recommendations on dispositive motions. Docket No. 32.

See Docket No. 79 at 3. According to Bloom, Sims and Piña "maintain virtual office space in California by which Plaintiff has been informed that receptionists are not authorized to receive service of process but are authorized to sign for certified mail." Id. Esper and Bode reside in Massachusetts. Id. Bloom states that he does not have "serviceable physical addresses for three of the four witnesses," but does not specify which of the three fall in that category. Id.

II.     ANALYSIS

Rule 45 of the Federal Rules of Civil Procedure provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." Civelli v. J.P. Morgan Securities, LLC, No. 2:21-mc-00163-JCN, 2021 WL 2853647, at *2 (D. Me. Jul. 8, 2021) (quoting Wright & Miller, Service of a Subpoena, 9A Fed. Prac. & Proc. Civ. § 2454). However, a growing number of courts have approved alternative service of a subpoena so long as service is calculated to provide timely actual notice. Id.; see also Government Employees Ins. Co. v. Kalitenko, MD, No. 22-CV-3804, 2022 WL 16798219, at *1 (E.D.N.Y. Nov. 8, 2022) (collecting cases). "Courts typically require a party seeking leave to serve by alternative means 'to demonstrate a prior diligent attempt[s] to personally serve' before permitting substituted service under Rule 45." Securities and Exchange Comm'n v. Pence, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (citation omitted).

Here, Bloom has not shown that he has made diligent attempts at personal service. There is no indication that he has attempted to obtain addresses for the three individuals for whom he does not have serviceable addresses. He has also given no reason why he cannot attempt service on the individual for which he does have an address. In addition, it is not clear what alternative method of service he is proposing. He states that he believes service "can be successfully and

2

efficiently effectuated by a combination of email, text message, and regular and certified mail." Docket No. 79 at 3. Does he mean that he would use all of those methods for each individual or that he may use different methods for each individual depending on the circumstances? Given the foregoing, Bloom has failed to show, at this time, that alternative service is appropriate under the circumstances.

Bloom also seeks an extension of the April 28, 2025, discovery service deadline so that he may serve the subpoenas after that date, which has already passed. Id. at 1. The April 28, 2025, deadline, however, applied only to the service of interrogatories, requests for admissions, and request for production of documents on each of the parties. Docket No. 57. That deadline does not apply to third-party discovery. Rather, such discovery must be completed by September 5, 2025. See id. Accordingly, an extension is not necessary.

III.    ORDER

For the foregoing reasons, this Court denies Bloom's motion for alternative service without prejudice.

        /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE