UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY MICHAEL BLOOM,<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM JAMES CAMPBELL, III,<br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　　Civil Action No. 24-10339-RGS<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION ON PLAINTIFF'S
AMENDED MOTION FOR RULE 11 SANCTIONS
[Docket No. 137]

February 3, 2026

Boal, U.S.M.J.

Plaintiff Gary M. Bloom[1] has moved for sanctions against defendant William James

Campbell, III pursuant to Rule 11 of the Federal Rules of Civil Procedure. Docket No. 137.[2]

For the following reasons, this Court recommends that Judge Stearns deny Bloom's motion.

I.    RELEVANT BACKGROUND

Bloom filed this action on February 12, 2024. Docket No. 1. On March 1, 2024, Bloom

filed an amended complaint. Docket No. 10. Campbell filed an answer and counterclaim on

March 10, 2025. Docket No. 56. On July 1, 2025, Judge Stearns dismissed Campbell's

counterclaims.

On October 14, 2025, Bloom filed the instant motion. Docket No. 137. He argues that

---

[1] Bloom is proceeding pro se, however, Bloom is a lawyer with over eleven years of experience.
See Docket No. 36 at ¶ 1.

[2] On April 24, 2024, Judge Stearns referred this case to the undersigned for pretrial management,
including issuance of report and recommendations on dispositive motions. Docket No. 32.

Campbell's answer and motion practice contain denials and factual allegations that are "demonstrably false" and contradict documentary evidence as well as Campbell's own discovery responses.  Docket No. 138 at 2.[3]  Campbell filed an opposition on December 19, 2025.  Docket No. 171.

II.    STANDARD OF REVIEW

Rule 11 of the Federal Rules of Civil Procedure requires that a party filing a pleading, motion, or other paper "certif[y] that to the best of the [filer's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the filing is "'warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law,' and that the filing's 'factual contentions' 'have evidentiary support' or a 'likely prospect of it.'"  Eldridge v. Gordon Brothers Group, L.L.C., 863 F.3d 66, 87 (1st Cir. 2017) (citing Fed. R. Civ. P. 11(b)(2)-(3)).  "Whether a filer breached these duties 'depends on the objective reasonableness of the [filer's] conduct under the totality of the circumstances.'"  Id. at 87-88 (citations omitted).

Rule 11, however, does not require "perfect research or utter prescience."  Id. at 88.  Rule 11 is "not a strict liability provision."  Id.  Rather, a filer "must, at the very least, be culpably careless to commit a [Rule 11] violation."  In re Ames, 993 F.3d 27, 34-35 (1st Cir. 2021) (citation omitted).  In addition, "[t]he mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition of Rule 11 sanctions."  Id. at 35 (citation omitted).

Rule 11 is "intended to facilitate case management, not to increase caseload by requiring

---

[3] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

a district court to analyze the reasonableness of legal and factual contentions that it would otherwise not have to ascertain." <u>CQ Int'l Co., Inc. v. Rochem Int'l, Inc., USA</u>, 659 F.3d 53, 62 (1st Cir. 2011). The First Circuit has stated that "[it] will not invite full-scale satellite litigation in the area of sanctions, nor will [it] require district courts to spend valuable judicial resources in punctiliously analyzing the reasonableness of each and every legal and factual contention made by a party where . . . such analysis is not necessary to resolve the merits of the central claim in dispute." <u>Id.</u>

III.    <u>DISCUSSION</u>

Bloom argues that Rule 11 sanctions are warranted because Campbell has made factual assertions that are "demonstrably false" in this case. Docket No. 138 at 2. Bloom's arguments, however, concern factual and legal issues that must be resolved through summary judgment or trial. For example, Bloom relies on third party affidavits to show that certain of Campbell's assertions in this case must be false. <u>See</u> Docket No. 138 at 6. At most, such third-party affidavits create a disputed issue of fact. In another instance, Bloom argues that Campbell's assertion that "questions remain about the validity of the very contracts" is contradicted by Campbell's signature on the contracts. <u>Id.</u> at 13. Whether or not Campbell in fact signed the alleged contracts, however, says nothing about the validity of such contracts. For example, a contract with attorney may be void or voidable if it involves a conflict of interest or self-dealing. <u>See</u>, <u>e.g.</u>, <u>Goldman v. Kane</u>, 3 Mass. App. Ct. 336, 341-342 (1975).

Essentially, Bloom is requesting that this Court award sanctions because he believes that he should prevail on the merits of his claims. Resolving Bloom's arguments, however, would require this Court "to make a factual determination regarding a claim essential to the merits of the action, an issue for which a Rule 11 motion is an inappropriate vehicle." <u>Schwartz v. Qazi</u>,

No. 24-cv-00911, 2025 WL 1920367, at *3 (E.D.N.Y. Jul. 11, 2025) (citation omitted); see also

Lauto v. Dover Public School Dist., No. 21-cv-18246-SDW-ESK, 2023 WL 7895892, at *2

(D.N.J. Nov. 16, 2023) ("Rule 11 'is not an appropriate vehicle for resolving legal or factual

disputes…'") (citation omitted).  "[L]itigation, rather than sanctions, is the appropriate vehicle"

to resolve the issues raised by Bloom's motion.  Schwartz, 2025 WL 1920367, at *3.

Accordingly, this Court finds that Rule 11 sanctions are not appropriate in this case.

## IV.    RECOMMENDATION

For the foregoing reasons, this Court recommends that Judge Stearns deny Bloom's

motion for Rule 11 sanctions.

## V.    REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any

party who objects to these proposed findings and recommendations must file specific written

objections thereto with the Clerk of this Court within 14 days of service of this Report and

Recommendation. The written objections must specifically identify the portion of the proposed

findings, recommendations, or report to which objection is made, and the basis for such

objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of

Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b)

will preclude further appellate review of the District Court's order based on this Report and

Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999);

Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983

F.2d 343 (1st Cir. 1993).

/s/  Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE