UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GARY M. BLOOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 24-10339-RGS |
| v. | ) | |
| | ) | |
| WILLIAM JAMES CAMPBELL III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT
[Docket No. 177]

April 3, 2026

Boal, M.J.

Plaintiff Gary M. Bloom[1] has moved for leave to amend his complaint to add six additional defendants.  Docket No. 177.[2]  For the following reasons, I deny the motion.[3]

I.    FACTUAL AND PROCEDURAL BACKGROUND

A.    Relevant Procedural History

Bloom filed this action on February 12, 2024.  Docket No. 1.  On March 1, 2024, Bloom

---

[1] Bloom is proceeding pro se, however, Bloom is a lawyer with over eleven years of experience. See Docket No. 36 at ¶ 1.

[2] On April 24, 2024, Judge Stearns referred this case to the undersigned for pretrial management, including issuance of report and recommendations on dispositive motions.  Docket No. 32.

[3] In this district, courts have found that a motion to amend is a non-dispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure. See Trustees of Bos. Univ. v. Everlight Elecs. Co., C.A. No. 12-11935-PBS, Docket No. 883 (D. Mass. Oct. 10, 2014); see also Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993).

filed an amended complaint.  Docket No. 10.  Campbell filed an answer and counterclaim[4] on March 10, 2025.  Docket No. 56.  On March 11, 2025, Judge Stearns issued a scheduling order. Docket No. 57.  Among other things, Judge Stearns ordered that any additional motions to amend the pleadings must be filed by May 30, 2025 and fact discovery must be completed by September 5, 2025.  Id.  Judge Stearns noted that "because this case is already more than a year old, the court is not inclined to any extensions without a showing of good cause."  Id.  This Court subsequently extended the fact discovery deadline to September 19, 2025.  Docket No. 111.

On September 25 and November 3, 2025, Bloom filed motions for declaratory judgment. Docket Nos. 127, 154. On December 19, 2025, Bloom filed a motion for summary judgment. Docket No. 169.  On December 30, 2025, he filed the instant motion.  Docket No. 177. Proposed new defendants Jennifer Sims, Powerful Story Lines, LLC, and RPM Talent Agency filed oppositions to the motion to amend on February 10, 2025.  Docket Nos. 221-223.  Bloom filed a reply on February 21, 2026.  Docket No. 233.

B.    Bloom's Allegations

Bloom, who is an entertainment and registered patent attorney, alleges that Campbell plagiarized the work of multiple authors and misrepresented such work as his own to induce Bloom to represent him as an attorney for the monetization of nine different projects and to be a co-writer of several written works.  See generally Amended Complaint ("AC") at ¶¶ 9, 12-14, 20, 99.  According to Bloom, Campbell executed several contracts, including collaboration agreements for the projects, letters of informed consent, and a legal services contingent contract. See id. at ¶¶ 53, 57, 58.

Bloom maintains, among other things, that he is the owner of some of the projects and

---

[4] On July 1, 2025, Judge Stearns dismissed Campbell's counterclaims.  See Docket No. 84.

seeks a declaratory judgment of copyright ownership.  Id. at ¶¶ 201-213.  He also alleges that he provided Campbell with at least 1,200 hours of legal services at an hourly rate of at least $300. Id. at ¶¶ 147, 148.  Such services included drafting and distributing nondisclosure agreements, drafting and distributing writers' collaboration agreements, preparing and making filings with the United States Copyright Office ("USCO"), investigating the true authorship of the Projects to clear them for pre-production copyright registration, and conferring with Campbell and others.

The Amended Complaint contains 217 paragraphs and ten claims against Campbell: (1) fraud in the inducement with respect to the legal services agreements; (2) breach of the legal services agreement; (3) quantum meruit with respect to the legal services agreements; (4) unjust enrichment with respect to the legal services agreements; (5) fraud in the inducement with respect to the writers' agreements; (6) breach of the writers' agreements; (7) quantum meruit with respect to the writers' agreements; (8) unjust enrichment with respect to the writers' agreements; (9) declaration of copyright ownership; and (10) accounting.

C.      The Proposed Second Amended Complaint

The proposed Second Amended Complaint asserts claims against six additional defendants: Jennifer Sims, RPM Talent Agency ("RPM"), Shelley A. Piña, John Edward Keough, Manny Jae Media, LLC ("Manny LLC"), and Powerful Story Lines LLC ("Powerful LLC").  Proposed Second Amended Complaint ("SAC") at ¶¶ 3-8.  Sims is Campbell's talent agent and a partner in RPM.  Id. at p. 2.  Piña is Campbell's talent manager.  Id. at ¶ 5.  Keough is a Massachusetts-based producer and a principal of Manny LLC.  Id. at ¶ 6, 106.

Bloom alleges that Campbell worked with Piña to terminate Bloom's representation without compensation and to sabotage Bloom's business deals with Keough.  Id. at p. 2.  He also alleges that Campbell worked with Sims to exclude Bloom from representation and project marketing.  Id.  In July 2025, Campbell and Sims also formed Powerful LLC to continue

marketing projects incorporating Bloom's contributions while excluding him entirely.  Id.  In addition, Bloom alleges that Keough's broken promise on behalf of Manny LLC to purchase one of the screenplays at issue caused Bloom damages when he relied on Keough's promise while purchasing copyright interests from third-party authors who had been plagiarized by Campbell.  Id.

The proposed Second Amended Complaint contains 446 paragraphs and thirteen claims: (1) fraud against all defendants; (2) breach of contract against Campbell, Sims, RPM, Keough, and Manny LLC; (3) promissory estoppel against Campbell, Sims, RPM, Keough, and Manny LLC; (4) quantum meruit against Campbell; (5) unjust enrichment against Campbell, Sims, RPM, and Powerful LLC; (6) declaration of copyright ownership against Campbell and Powerful LLC; (7) copyright infringement against Campbell, Sims, RPM, Powerful LLC, and Piña; (8) tortious interference against Campbell, Piña, Sims, and RPM; (9) civil conspiracy against Campbell, Piña, Sims, RPM, and Powerful LLC; (10) unfair and deceptive acts in violation of M.G.L. c. 93A against all defendants; (11) accounting against Campbell, Sims, RPM, Piña, and Powerful LLC; (12) defamation against Piña; and (13) intentional infliction of emotional distress against Piña.

## II.   STANDARD OF REVIEW

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, "the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." Acosta-Mestre v. Hilton Intern. of Puerto Rico, Inc., 156 F.3d 49, 51 (1st Cir. 1998) (citation omitted).  A court "enjoys significant latitude in deciding whether to grant leave to amend." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citations omitted). "In the early stages of litigation, grounds for denial are generally limited to 'undue

4

delay, bad faith or dilatory motive . . . , undue prejudice to the opposing party . . . , [and] futility of amendment.'" Viscito v. Nat'l Plan. Corp., No. CV 3:18-30132-MGM, 2019 WL 7578462, at *2 (D. Mass. July 5, 2019) (alterations in original) (quoting ACA Fin. Guaranty Corp. v. Advest, Inc., 512 F.3d 46, 55-56 (1st Cir. 2008)).

"However, the longer a party waits before filing its motion to amend, the more exacting the standard becomes. Certain milestones, such as a scheduling order, close of discovery, or a timely-filed motion for summary judgment, may change a court's hospitality towards a motion to amend." Viscito, 2019 WL 7578462, at *2. "[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy . . . .'" Id. (quoting Acosta–Mestre, 156 F.3d at 52).

"Once a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." Steir, 383 F.3d at 12 (citing O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154–155 (1st Cir. 2004)). "This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Steir, 383 F.3d at 12. However, where the close of discovery is imminent the potential for undue prejudice grows. Viscito, 2019 WL 7578462, at *2 (citing Steir, 383 F.3d at 12).

III.   DISCUSSION

"Undue delay, on its own, may be enough to justify denying a motion for leave to amend.'" Nat'l Fed'n of the Blind v. Container Store, No. CV 15-12984-NMG, 2020 WL 533022, at *3 (D. Mass. Feb. 3, 2020) (quoting Hagerty ex rel. U.S. v. Cyberonics, Inc., 844 F.3d

26, 34 (1st Cir. 2016)). The plaintiff has a burden, at minimum, to show a valid reason for delay and neglect. Nat'l Fed'n of the Blind, 2020 WL 533022, at *3. In assessing whether the plaintiff has carried his burden, a court may examine what the plaintiff knew or should have known and what he did or should have done. Id.

Bloom has failed to show good cause for the delay in seeking to amend his complaint. The motion to amend was filed seven months after the deadline for filing such motions, more than three months after the expiration of the fact discovery deadline, and after Bloom had filed motions for declaratory judgment and for summary judgment. See Martins v. 3PD, Inc., No. 11-11313-DPW, 2013 WL 1320454, at *3 (D. Mass. Mar. 28, 2023) ("[W]hen a motion to amend comes after a timely filed motion for summary judgment, a plaintiff is required to show substantial and convincing evidence to justify a belated attempt to amend a complaint.") (internal quotation marks omitted). Bloom justifies the delay in filing the motion to amend by explaining that it was not until September 6, 2025, when Campbell supplemented his discovery responses, that he learned that Campbell was still working with Sims and that she was an "accomplice and co-conspirator." Docket No. 178 at 6. It was also not until then that he learned of Powerful LLC's formation in July 2025. Id. at 7.

First, Bloom's explanation says nothing about when he learned about the other defendants that he seeks to join in this case. Second, based on the allegations in the proposed Second Amended Complaint, it appears that, except for Powerful LLC, he knew or should have known about the additional defendants' alleged roles and actions before he filed his original complaint. For example, Bloom alleges that Piña interfered with Bloom's relationship with his attorney and defamed him in or around November 2023. See SAC ¶¶ 154-167. The context of those allegations show that Bloom must have been aware of them at or around the time they occurred and well before he commenced this action. See id.

6

Similarly, Bloom alleges that, on or around October 10, 2023, he and Keough entered into an oral agreement by which Keough and Manny LLC would purchase the ESCALATOR feature for $50,000, employ Bloom as a set writer, assist with WGA membership, and provide 1% of gross profits after Bloom acquired the rights of the undisclosed co-writers, and then Keough would help eliminate Campbell from the deal.  Id. at ¶ 277.  He also alleges that Keough breached the agreement on October 13, 2023.  Id. at ¶ 281.  As such, Bloom was or should have been aware of Keough's alleged breach on October 13, 2023, also before he filed his original complaint in this action.

Even if he was not aware of the potential claims against the new defendants until September 2025, that does not explain why Bloom waited until December 30, 2025, and after he filed his motion for summary judgment, to seek to amend his complaint.  Moreover, adding six additional defendants and new causes of action at this stage would require the case to start over, requiring Bloom to serve the new defendants, and for defendants to answer (or potentially file motions to dismiss) before the case could proceed.  See, e.g., Martins v. 3PD, Inc., 2013 WL 1320454, at *4.  Discovery would certainly have to be reopened.  The proposed amendments would therefore substantially delay resolution of this case and require Campbell to spend additional resources on this litigation.  Accordingly, this Court denies Bloom's motion to amend the complaint.[5]

---

[5] Because this Court finds that amending the complaint would cause undue delay and prejudice to the defendant, it is not necessary to address the remaining arguments in the proposed defendants' oppositions.

IV.    ORDER

For all of these reasons, this Court denies Bloom's motion to amend the complaint.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge