UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GARY MICHAEL BLOOM, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-10339-RGS |
| | ) | |
| WILLIAM JAMES CAMPBELL, III, | ) | |
| Defendant. | ) | |
| | ) | |

ORDER ON PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS
AND TO COMPEL COMPLIANCE WITH COURT ORDER
[Docket No. 116]

April 8, 2026

Boal, U.S.M.J.

Plaintiff Gary M. Bloom[1] has moved, pursuant to Rule 26(g) and Rule 37 of the Federal

Rules of Civil Procedure, for sanctions against defendant William James Campbell, III based on

Campbell's alleged failure to comply with his discovery obligations and this Court's August 21,

2025, order. Docket No. 116.[2] For the following reasons, this Court denies the motion with

respect to Bloom's interrogatories and requests for admissions. This Court reserves ruling with

respect to Bloom's requests for production of documents.

---

[1] Bloom is proceeding pro se, however, Bloom is a lawyer with over eleven years of experience. See Docket No. 36 at ¶ 1.

[2] On April 24, 2024, Judge Stearns referred this case to the undersigned for pretrial management, including issuance of report and recommendations on dispositive motions. Docket No. 32.

I.      RELEVANT BACKGROUND

      A.      This Action And Bloom's Allegations

Bloom filed this action on February 12, 2024.  Docket No. 1.  On March 1, 2024, Bloom filed an amended complaint.  Docket No. 10.  Campbell filed an answer and counterclaim on March 10, 2025.  Docket No. 56.  On July 1, 2025, Judge Stearns dismissed Campbell's counterclaims.  See Docket No. 84.

Bloom, who is an entertainment and registered patent attorney, alleges that Campbell plagiarized the work of multiple authors and misrepresented it as his own to induce Bloom to represent him as an attorney for the monetization of nine different projects and to be a co-writer of several written works.  See generally Amended Complaint at ¶¶ 9, 12-14, 20, 99.  According to Bloom, Campbell executed several contracts, including collaboration agreements for the projects, letters of informed consent, and a legal services contingent contract.  See id. at ¶¶ 53, 57, 58.

Bloom maintains, among other things, that he is the owner of some of the projects and seeks a declaratory judgment of copyright ownership.  Id. at ¶¶ 201-213.  He also alleges that he provided Campbell with at least 1,200 hours of legal services at an hourly rate of at least $300.  Id. at ¶¶ 147, 148.  Such services included drafting and distributing nondisclosure agreements, drafting and distributing writers' collaboration agreements, preparing and making filings with the United States Copyright Office, investigating the true authorship of the Projects to clear them for pre-production copyright registration, and conferring with Campbell and others.  Id. at ¶ 130.  Campbell denies Bloom's allegations.  See generally Docket No. 56.

      B.      This Court's August 21, 2025 Order And Campbell's Discovery Responses

On April 23, 2025, Bloom served discovery requests on Campbell.  Docket No. 86-8 at 1.

He served additional discovery requests on April 28, 2025.  Id.  Campbell served responses to Bloom's requests for admissions and interrogatories on June 6, 2025.  Docket No. 86-3 at 6; Docket No. 86-4 at14.  On June 20, 2025, he served responses to Bloom's request for production of documents.  Docket No. 86-5 at 5.

Bloom maintained that Campbell's responses to his discovery requests were deficient and filed motions to compel.  See Docket Nos. 85, 93.  On August 21, 2025, this Court granted in part and denied in part Bloom's motion to compel Campbell to provide further answers to his discovery requests.  Docket No. 103.  With respect to Bloom's requests for admission, this Court noted that Bloom's arguments that Campbell's denials of his requests for admissions were untruthful raised issues of fact regarding the merits of the case that were inappropriate to be decided on a motion to compel.  Id.  It therefore denied the motion with respect to the requests for admission.  Id.  While some of Bloom's arguments with respect to Campbell's answers to interrogatories also raised issues of fact, this Court nevertheless granted the motion with respect to interrogatories and requests for production of documents because Campbell failed to file a response to the motion.  Id.  It ordered Campbell to serve further answers to interrogatories and produce documents responsive to the subject requests for production no later than September 4, 2025.  Id.

Bloom agreed to a one-day extension for Campbell to serve his supplemental responses to his discovery requests.  Docket No. 118 at 3.  Campbell, however, served supplemental responses on September 6, 2025.  Id.  Bloom maintains that Campbell's answers are still deficient and filed the instant motion on September 16, 2025.  Docket No. 116.  Campbell filed an opposition on December 19, 2025.  Docket No. 164.

3

C.    Campbell's Loss Of Responsive Documents

In his opposition, Campbell states that he "lost access to nearly all potentially responsive information through circumstances beyond his control, during the pendency of the action." Id. at 1.  According to Campbell, "since the time [he] retained counsel in this case," he has only had a cell phone.  Affidavit of William James Campbell, III In Support of Opposition to Plaintiff's Motion to Compel Discovery Request (Docket No. 164-1) ("Campbell Aff.") at ¶ 2.  He does not own or have access to a personal computer, laptop, tablet, scanner, or printer.  Id.

Campbell also states that he believes his email and social media accounts were hacked in the Spring of 2025 and he therefore lost access to such accounts.  Id. at ¶ 3.  In addition, his cell phone "was broken beyond repair in late June or early July."  Id. at ¶ 4.  "Much of the data had been stored on its SIM card and is now lost."  Id.  "As a result, [he has] very limited access to any of [his] documents, emails and previous social media posts prior to July 2025."  Id. at ¶ 5.

II.    ANALYSIS

A.    Standard Of Review

If a party fails to comply with an order to provide or permit discovery, the Court may impose sanctions, including:

> (i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii)striking pleadings in whole or in part;
> (iv)staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi)rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); see also Companion Health Servs., Inc. v. Kurtz, 675 F.3d 75, 84

(1st Cir. 2012) (citation omitted) ("Federal Rule of Civil Procedure 37(b) provides a 'veritable arsenal of sanctions" in the context of discovery . . .").  In addition, pursuant to Rule 26(g), the Court may impose sanctions against a party and/or his attorney who serves a discovery response that is not "consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law" or "interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 26(g)(1)(B); 26(g)(3).

In determining whether sanctions are appropriate, the Court should consider "the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions."  AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 435 (1st Cir. 2015) (citation omitted).

### B.    Timeliness Of Supplemental Responses

First, to the extent that Bloom argues that Cambpell should be sanctioned because he provided supplemental responses two days after the court-imposed September 4, 2025, deadline, and one day after the parties' agreed-upon September 5, 2025, extended deadline, see Docket No. 118 at 3, this Court declines to impose sanctions on this basis.

### C.    Disclosure Of LLC

Bloom argues that Campbell's disclosure of an LLC five months after the start of discovery is untimely and prejudicial.  Docket No. 118 at 8.  According to Campbell, however, the LLC was created in July 2025.  Docket No. 164 at 5.  Campbell served its original responses to Bloom's discovery requests in June 2025 and could not have disclosed an LLC that did not exist at that time.  Campbell subsequently disclosed the existence of the LLC.  Docket No. 164 at

5

6.

        D.       <u>Answers To Interrogatories</u>

Bloom argues that Campbell's answers to certain Interrogatories remain deficient after supplementation. Docket No. 118 at 11-12. Interrogatories 1 and 2 (First Set) ask Campbell to identify every author and creator of the projects at issue and to describe with particularity their contributions. <u>See</u> Docket No. 117-3 at 2-4. Interrogatory No. 2 (Second Set) asks Campbell to identify "all persons with knowledge of the authorship of the PROJECTS and all previous versions or drafts thereof, including Authors and non-Author contributors." <u>Id.</u> at 10. This Court finds that Campbell has sufficiently answered these interrogatories. Bloom complains that Campbell has omitted certain contributors but that is simply Bloom's view of the merits of the case.

Interrogatory 3 (First Set) asks Campbell to describe the nature of his relationship with certain individuals, how they met, and the current status of the relationship. Docket No. 117-3 at 5. Bloom lists 43 individuals in this interrogatory. The relevance of this interrogatory is not clear and, at a minimum, seems overly broad. Campbell has answered the interrogatory with respect to some of the individuals; it is not clear whether he in fact had business relationships with the individuals omitted from his answer. Without more, this Court finds that Bloom has not established that this answer is insufficient.

Interrogatories 4 and 5 (First Set) request information regarding financial transactions or transfers of rights concerning the projects. <u>See</u> Docket No. 117-3 at 5-6. Campbell maintains that he has not made any financial transactions or transfers concerning the projects. <u>See id.</u> That Bloom does not believe Campbell's answer is not a basis for sanctions. Whether or not Campbell's answer is correct is an issue of fact for trial.

Interrogatory 6 (First Set) asks Campbell to identify every contract or document he signed or was asked to sign concerning the projects.  See Docket No. 117-3 at 6.  His original answer, after lodging certain objections, was "I signed, was asked to sign or am alleged to have signed the various agreements that were attached to the Plaintiff's requests for admissions."  Id. at 6-7.  His supplemental answer was as follows: "Presently lacking access to electronic data contemporaneous with the alleged signing of any agreements with the Plaintiff, the only one that I signed or have any recollection of signing was the Attorney Contingency Agreement."  Id. at 7. While the answer appears evasive, it also involves a dispute between the parties as to the existence of any valid agreements between the parties.  Nevertheless, Campbell's supplemental answer raises issues regarding the loss of evidence in this case.  Those issues are addressed in more detail below.

Interrogatory No. 8 (First Set) asks Campbell to "[i]dentify all individuals who participated in or have knowledge of communications between yourself and Plaintiff concerning allegations in this case's pleadings or motions."  Docket No. 117-3 at 8.  After objecting on several grounds, Campbell responded as follows: "I cannot possibly know who all such people are.  I would assume that it includes anyone who was copied on emails between us and/or who copied us on emails concerning the PROJECTS."  Id.  Bloom complains that Campbell's answer is unresponsive but the interrogatory itself is vague and confusingly drafted.

Interrogatory No. 9 (First Set) requests that Campbell state the basis for each of his affirmative defenses.  Id.  Campbell has asserted nine affirmative defenses in this case.  See Docket No. 56 at 25-26.  While Bloom is entitled to discover the factual basis for Campbell's affirmative defenses, such a blanket request is overly broad.  See Swenson v. Mobilityless, LLC, No. 3:19-30168-MGM, 2022 WL 2347113, at *6 (D. Mass. June 29, 2022).  In addition, this

Court notes that this interrogatory should count as nine separate interrogatories and would therefore take the total number of interrogatories over the 25-interrogatory limit in Rule 33(a)(1) of the Federal Rules of Civil Procedure.[3]  See Brutscher v. GEICO General Ins. Co., No. C14-1094RSL, 2015 WL 11921416, at *2 (W.D. Wash. Mar. 4, 2025) (interrogatory seeking the basis for each of defendant's affirmative defenses counted as seven interrogatories where defendant had asserted seven affirmative defenses).

Interrogatory No. 10 (First Set) asks Campbell to "state the basis" of any filings or registration concerning the Projects made by Campbell or on his behalf.  See Docket No. 117-3 at 9.  This interrogatory is vague as drafted and Campbell has nevertheless answered it.  Bloom's arguments regarding this interrogatory go to the merits of the case.

Finally, Bloom argues that certain of Campbell's answers are contradicted by documents and other evidence.  See Docket No. 118 at 12-14.  Again, such arguments relate to the merits of the case and are not proper on a motion for sanctions.

E.    Requests For Admission

Bloom argues that sanctions are warranted because Campbell's answers to his Requests for Admissions are contradicted by documents and other evidence.  Docket No. 118 at 14-15. This Court, however, already denied Bloom's motion to compel with respect to his Requests for Admissions because such arguments raise issues of fact regarding the merits of the case which were (and still are) inappropriate to be decided on a motion to compel.  Docket No. 103.  As the motion to compel was denied, no further answers to the Requests for Admissions were necessary and sanctions are not warranted on this basis.

---

[3] Bloom propounded twenty-one interrogatories.  See Docket No. 117-3.

F.    Requests For Production Of Documents

Bloom alleges that Campbell has failed to produce all documents responsive to his requests for production, including documents that demonstrate Campbell's contributions to any of the projects; the Docu-Sign executed contracts; and any emails, texts, or social media posts regarding the projects.  See Docket No. 118 at 15-16.  Campbell does not appear to dispute that his production of documents is deficient.  See Docket No. 164 at 1-3.  Rather, he maintains that he lost access to most responsive documents "through circumstances beyond his control."  Id. at 1.  Bloom argues that spoliation sanctions are warranted.  Docket No. 118 at 17-18.

1.    Standard Of Review

"Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Rivera v. Sam's Club Humacao, 386 F. Supp. 3d 188, 200 (D.P.R. 2018) (citations omitted).  To support an inference of spoliation, "the party urging that spoliation has occurred must show that there is evidence that has been spoiled (i.e., destroyed or not preserved[,]" as well as that " the opposing party had notice of a potential claim and of the relevance to that claim of the destroyed evidence."  Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 399 (1st Cir. 2012).

Spoliation of electronically stored information ("ESI") is governed by Rule 37(e) of the Federal Rules of Civil Procedure.[4]  Rule 37(e) provides that spoliation occurs where ESI "that

---

[4] Prior to the 2015 amendments to the Federal Rules of Civil Procedure, a court could impose sanctions for spoliation of ESI based on its inherent authority.  See Boudreau v. Shaw's Supermarkets, Inc., No. 2:17-cv-259-DBH, 2019 WL 3242051, at *1 (D. Me. Jul. 18, 2019). Since 2015, Rule 37(e) "forecloses reliance on inherent authority or state law" to determine when sanctions should be imposed for spoliation of ESI.  Adv. Comm. Note to 2015 Amendment, Fed. R. Civ. P. 37(e).  However, "[w]hether and when there is a duty to preserve remains a decision based on 'a common-law duty' 'when litigation is reasonably foreseeable,' and the Rule 'does not attempt to create a new duty to preserve.'"  Boudreau, 2019 WL 3242051, at *1, n. 4 (quoting Adv. Comm. Note to 2015 Amendment, Fed. R. Civ. P. 37(e)).

should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Thus, a party claiming spoliation of ESI must establish first that ESI has been lost and is not available in any other location. Wai Feng Trading Co. Ltd. v. Quick Fitting, Inc., No. 13-56WES, 2019 WL 118412, at *5 (D.R.I. Jan. 7, 2019) (citations omitted). "Second, the court must consider whether and when a duty to preserve the lost ESI arose; this requires consideration of when the party in possession of the ESI was on notice not only of the litigation but also that the ESI would be relevant to the litigation." Id. (citations omitted).

Further, Rule 37(e) applies only if the party in the possession of the lost ESI failed to take "reasonable steps" to preserve the information and the information could not have been restored or replaced through additional discovery. Id. "In applying the requirement of 'reasonable steps,' courts must be mindful that 'perfection in preserving all relevant electronically stored information is often impossible,' as well as that this factor requires consideration of the litigation sophistication of the party in possession of the ESI and the proportionality to the litigation of costly and aggressive preservation efforts." Id. (citation omitted).

If the movant establishes that a party failed to take reasonable steps to preserve ESI after a duty to preserve arose and that the information cannot be restored or replaced through additional discovery, the court's next inquiry is whether the loss of the ESI has caused prejudice or whether the party in possession acted "with the intent to deprive another party of the information's use in the litigation." Id. at *6 (quoting Fed. R. Civ. P. 37(e)(1-2)). That finding governs the types of sanctions available for spoliation of ESI.

Upon a finding of prejudice, the court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Such measures may include "prohibiting the party

10

that failed to preserve from putting on certain evidence, permitting the parties to present evidence or argument to the jury regarding the loss of ESI or giving the jury instructions to assist in the evaluation of such evidence or argument." Wai Feng Trading Co. Ltd., 2019 WL 118412, at *6 (citing Adv. Comm. Note to 2015 Amendment, Fed. R. Civ. P. 37(e)).

Upon a finding of intent to deprive another party of the information's use in the litigation, the court may "(A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2).  If such intent is shown, there is no need separately to establish prejudice.  Adv. Comm. Note to 2015 Amendment, Fed. R. Civ. P. 37(e).

Bloom, as the moving party, bears the burden of proving the threshold requirements that relevant evidence has been lost and cannot be replaced, that it should have been preserved, and that it was not preserved because Campbell failed to take reasonable steps to preserve it. Postle v. SilkRoad Tech., Inc., No. 18-cv-224-JL, 2019 WL 692944, at *1 (D.N.H. Feb. 19, 2019).  It is also Bloom's burden to prove that Campbell acted with the intent to deprive him of use of the ESI in this litigation.  Id.  "The rule does not," however, "place a burden of proving or disproving prejudice on one party or the other."  Adv. Comm. Note to 2015 Amendments, Fed. R. Civ. P. 37(e).

"The intent requirement in Fed. R. Civ. P. 37(e)(2) is 'stringent' – it must be based on more than just negligence or even gross negligence in producing or preserving ESI." In re TelexFree Sec. Litig., MDL No. 4:14-md-2566-NMG, 2025 WL 2371354, at *4 (D. Mass. Aug. 15, 2025) (citation omitted).  "A party seeking sanctions under subsection (e)(2) bears the burden to show by clear and convincing evidence that the alleged spoliator acted with the intent to

11

deprive the movant of information for use in the litigation." Id. (citations omitted). "[T]he intent contemplated by Rule 37 is not merely the intent to perform an act that destroys ESI but rather the intent to actually deprive another party of evidence." Id. (citation omitted).

  2.  <u>Discussion</u>

  On the current record before this Court, it cannot determine whether spoliation has occurred and, if so, the proper remedy.  First, Bloom has not identified with particularity what ESI has been lost and whether any such ESI may be available through other sources.  It also appears that, despite the loss of his phone, Campbell produced some documents, but the parties have not indicated what has actually been produced.  Campbell, on the other hand, has not provided specifics regarding his loss of potentially responsive ESI.  For example, Campbell is vague about the dates surrounding his loss of ESI.  See Campbell Aff. at ¶¶ 3, 4.  He also has not explained the circumstances leading to the loss of his cell phone.  For example, Campbell states that his phone was "broken beyond repair in late June or early July," Campbell Aff. at ¶ 4, but does not state how the phone was broken, where the phone is at present, and whether he attempted to determine whether data may still be recoverable from the phone.

  Accordingly, this Court orders as follows:

1. Within two weeks, Bloom shall file a statement specifying what documents he believes have been lost and whether any such documents may be available from other sources.  Bloom should be as specific as possible.

2. For each request for production, Campbell shall file a statement indicating the scope of his search for responsive documents, including what was searched; how the searches were conducted; what keywords were searched; the time period covered by the searches; the dates when the searches were conducted; whether any documents

were withheld; and, if no responsive documents were found, state so.  He shall also file a declaration, under the penalties of perjury, providing specifics regarding the loss of his phone, loss of access to email and social media, and loss of documents. Among other things, such declaration should specify what happened to the phone; whether the phone is still available; whether documents may still be recoverable from such phone; whether access to social media accounts and email has been or may be restored; and provide specific dates for relevant events.  Such materials must be filed within two weeks.

3. Within two weeks thereafter, the parties may file a response to each other's submissions.

III.    ORDER

For the foregoing reasons, this Court denies the motion for sanctions with respect to Bloom's interrogatories and requests for admission.  This Court reserves ruling on the requests for production pending receipt of the materials ordered above.

   /s/  Jennifer C. Boal                   
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE